Samba SOUMARE, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2481–ag.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, M. Jocelyn Wright Lopez, Assistant Director, Office of Immigration Litigation, Mona M. Yousif, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Samba Soumare, a native and citizen of unknown origin, seeks review of an April 28, 2006, order of the BIA affirming the October 19, 2004, decision of Immigration Judge ("IJ") Noel Ferris, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Samba*

*Soumare,* No. A95 370 425 (B.I.A. Apr. 28, 2006), *aff'g* No. A95 370 425 (Immig. Ct. N.Y. City Oct. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir. 2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, this Court lacks jurisdiction to reassess the agency's determination that Soumare failed to demonstrate that he filed his asylum application within one year of his entry to the United States. The INA precludes judicial review of the Attorney General's determinations regarding the one-year deadline. 8 U.S.C. § 1158(a)(3). While this Court has jurisdiction to review such determinations if they involve "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), this case does not present such a claim or question, and therefore, the petition for review is dismissed with respect to the denial of Soumare's application for asylum.

■ The BIA properly affirmed the IJ's denial of Soumare's other applications for relief, based on the IJ's finding that he was not credible. The IJ pointed to specific omissions, inconsistencies, and flaws in Soumare's testimony that were not only central to his claims, but the cumulative effect of which also provided substantial evidence for the IJ's adverse credibility finding. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *Secaida–Rosales v. INS,* 331 F.3d 297, 309 (2d Cir.2003). The IJ made the following findings: (1) Soumare had not established Mauritanian citizenship; (2) Soumare's testimony was vague and inconsistent regarding his alleged medical treatment in Bamako; (3) portions of Soumare's testimony regarding his documents and the beating that he suffered were inconsistent with and even directly contradicted his affidavit; (4) Soumare's testimony regarding seeking medical treatment nine years after he allegedly suffered injuries was implausible; and (5) Soumare failed to provide corroborative evidence to show that he lived in a refugee camp in Mali. These weaknesses in Soumare's testimony are "specific, cogent reasons" substantially supporting the IJ's adverse credibility finding. *Secaida–Rosales,* 331 F.3d at 307, 309; *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 74, 77.

Because Soumare's CAT claim depends upon his credibility, which he failed to establish for withholding of removal, the CAT claim also fails. *See Xue Hong Yang*

*v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DISMISSED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).